# Davis *v.* Blacksher Company.

### *Statutory Action of Ejectment.*

1. *Ejectment; admissibility of evidence.*—In an action of ejectment, where the real issue involved is as to the true boundary of land conveyed in a deed from the plaintiff to the defendant, which boundary, in said deed, is described as a public road, and the evidence showed that there existed at the time of the execution of the deed two roads, either of which might answer the description contained in the deed, any fact or circumstances tending to show which of the two roads was intended by the parties, is relevant and admissible; and in this connection, the proceedings of the commissioners court of the county wherein the land was situated, to open and establish a public road, answering to the description of the public road described in the deed, is relevant and admissible.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. WILLIAM S. ANDERSON.

This was a statutory action of ejectment brought by the appellee, the Blacksher Company, a corporation, against Fannie B. Davis, the appellant; and sought to recover certain lands specifically described in the complaint.

The cause was tried upon the plea of the general issue. It was admitted that the Blacksher Company owned this land in December, 1899, when it conveyed to F. B. Davis a tract of land lying north and north-

26

[Davis v. Blacksher Company.]

east of the public road leading from the Montgomery Hill Landing to Perdido station, making the said public road the south and southwest boundary line of the land so conveyed. Davis' only claim to the land sued for is based upon that deed and the only controversy in the case is as to whether or not the lands sued for are north and northeast of the public road, and, therefore, embraced in the deed, or south and southwest of the public road, and, therefore, not embraced in the deed. In other words, the only question is: which of the roads mentioned in the evidence was the public road in December, 1899, and used in said deed to mark the south and southwest boundary of the lands therein conveyed.

The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JOHN E. MITCHELL, for appellant, cited *Anderson v. Timberlake*, 114 Ala. 389; *Sanders v. Edmonds*, 98 Ala. 158; *Bromley v. B. Min. R. R. Co.*, 95 Ala. 404; *Gurley v. Thomas*, 56 Pa. St. 35; *Reddick v. Leggatt*, 7 N. C. 543; *Humes v. Bernstein*, 72 Ala. 546; *Barrows v. Webster*, 144 N. Y. 425; *Tibbetts v. Estes*, 52 Me. 568.

STEVENS & LYONS, contra, cited 10 Am. & Eng. Ency. Law (2d ed.), 1054; *State v. Jersey City*, 25 N. J. L. 309; *People v. Whitaker*, 101 Cal. 597; *Yeamans v. County Com.*, 16 Gray 36; *Com. v. Street*, 116 Ala. 28; *Mull v. Benckler*, 30 Wis. 584; *Bladgett v. Whaley*, 47 Mich. 469.

DOWDELL, J.—The contention in this case is one as to the true boundary of the land described and conveyed in the deed of the appellee company to the defendant, the appellant here, of date December 1st, 1899. So much of the description of the land conveyed by this

deed as is material to the question here is as follows:
"* * * to the North side of the public road leading
from Montgomery Hill landing to Perdido Station,
thence in a general Westerly direction along the North
and North-east side of said road, to the foot of the
bridge on which said road crosses Boat Yard Lake,"
etc. The land sued for is a small parcel in a triangu-
uar shape containing about one acre.

The defendant admitted that the plaintiff was en-
titled to recover unless the land sued for was embraced
in the deed from plaintiff to defendant above men-
tioned and referred to. On this admission by the de-
fendant, the plaintiff rested its case. Thereupon the
defendant introduced in evidence the deed of December
1st, 1899, from the plaintiff to the defendant, and also
parol testimony tending to show the existence of two
roads either of which might answer the description in
the deed, and further offered testimony for the purpose
of showing which of the two roads was the true boun-
dary of the land under the description contained in the
deed. On the motion of the plaintiff, the court ruled
out all of this evidence, and at the request of the plain-
tiff in writing gave the general charge.

As to what constituted the true boundary of the land
described in the deed was a question of fact to be deter-
mined by the jury. That there were two roads, one
known as the "Booth Straight Road" and the other the
"Road by Porter's," the latter leading off from the
former at a point near the residence of John Pugh, and
both of said roads running to the foot of the bridge
across Boat Yard Lake, is an undisputed fact, the con-
tention of defendant being that the road known
as Booth Straight Road is the road referred to
in the deed, while the contention of the plain-
tiff is that the road which leads around by
Porter's is the one referred to. It will be seen
by this that the dispute as to the true boundary in
the deed involves the question of intention between the
parties to the deed, and this is a question of fact to be
determined from the evidence by the jury. All compe-
tent evidence relevant to this issue was admissible, and
to this end the evidence introduced by the defendant,

which tended to show that the Booth Straight Road was the one intended by the parties to the deed, was competent and relevant and properly admitted in the first instance and erroneously excluded on the motion of the plaintiff after its admission.

It is, however, contended by plaintiff that the proceedings had in the commissioners' court of said county to open and establish a public road from Montgomery Hill landing to Perdido Station in the year 1893, which said proceedings were offered in evidence by the defendant, showed that the road which led around by Porter's was the one established as the public road by said court. This evidence, however, was a part of the evidence stricken out upon plaintiff's motion. It is contended by plaintiff that these proceedings had before the commissioners' court were not in accordance with the statutes, that the report of the viewers and the judgment of the court thereon sought to establish two routes, one as a permanent road conditioned upon the happening of a certain event, and the other a temporary route dependent upon the same contingency. The validity of the proceedings had in said commissioners' court with reference to the establishment of the road is an immaterial question under the issues here involved, and need not be discussed. Whether valid or invalid, the proceedings were competent in evidence merely as a circumstance tending to show what was intended by the parties in the description employed in the deed. Any evidence tending to show that either of the roads in question, or that both, were commonly used by the general public and were generally known as public roads was competent as tending to explain and show what was intended by the parties to the deed in connection with other descriptive parts as to courses and directions.

It is unnecessary to discuss the assignments of error in this case separately. The law of the case is simple and plain and may be sufficiently stated in general propositions for guidance in another trial. The real issue being as to the true boundary line of the land conveyed in the deed under the description there given,

when it is shown by the evidence that there existed at the time of the execution of the deed two roads either of which might answer the call, then any fact or circumstance which tends to show which of the two roads was intended by the parties is relevant and admissible when shown by competent and legal evidence. Of course, mere hearsay testimony would not be competent.

For the errors pointed out the judgment of the court below must be reversed and the cause remanded for another trial.